IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JUAN BALDERAS, §
     Petitioner, §
          §
v. § Civil Action No. 4:20-cv-04262
          § (Death Penalty Case)
BOBBY LUMPKIN, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
     Respondent. §

## RESPONDENT LUMPKIN'S RESPONSE IN OPPOSTION TO MOTION FOR DISCOVERY

This case involves a federal habeas proceeding filed pursuant to 28 U.S.C. § 2254 by Texas death row inmate Juan Balderas. Petitioner Balderas was found guilty and sentenced to death for the capital murder of Eduardo Hernandez, committed while in the course of committing or attempting to commit burglary of a habitation. *See* 1 CR[1] 2-3.

## ARGUMENT

### I. Standard of Review.

"A habeas petitioner, unlike the usual civil litigant in federal court, is

---

[1] "CR" refers to the Clerk's Record from trial, while "RR" refers to the Reporter's Record. "SHCR" refers to the Clerk's Record filed during state habeas proceedings, while "SHRR" refers to the Reporter's Record from the evidentiary hearing. The Director will file a copy of the Texas Court of Criminal Appeals' (CCA) official record prior to filing his Answer, as designated in the joint scheduling order. *See* ECF No. 10, at 1. However, the Director will include as exhibits some relevant records discussed in this response. Should the Court need additional records before the official record is filed, the Director can provide them.

not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, discovery may be granted only on a showing of "good cause." R. Gov'g § 2254 Cases U.S. Dist. Cts. 6(a). Good cause may be found when a petition for writ of habeas corpus "establishes a prime facie claim for relief." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (quoting *Harris v. Nelson*, 394 U.S. 286, 290 (1969)). This exists when specific allegations before the court show reason to believe that the petitioner "may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (quoting *Harris*, 394 U.S. at 300). But even then, "Rule 6(a) makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." *Id.* at 909. Before granting a request, a habeas judge must consider "the necessity for discovery" and "make certain that the inquiry is relevant and appropriately narrow." Advisory Committee Notes to R. Gov'g § 2254 Cases R 6. "Simply put, Rule 6 does not authorize fishing expeditions." *Murphy*, 205 F.3d at 814.

Moreover, federal habeas review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Thus, when a claim has been adjudicated in state court, "evidence introduced in a federal court has no bearing on § 2254(d)(1) review." *Id.* at 185; *see Williams v. Thaler*, 684 F.3d 597, 603-05 (5th Cir. 2012) (refusing to consider evidence developed in a federal habeas evidentiary hearing following *Pinholster*). *Pinholster* provides a limitation on evidentiary hearings, *see Evans v. Davis*, 875 F.3d 210, 217 n.5 (5th Cir. 2017); *see also*

*Allen v. Vannoy*, 659 F. App'x 792, 810 (5th Cir. 2016), and on requests for expert or investigative assistance, *see Mamou v. Davis*, 742 F. App'x 820, 825 n.3 (5th Cir. 2018); *Devoe v. Davis*, 717 F. App'x 419, 431 (5th Cir. 2018). *Pinholster* should also implicate discovery. *See Cole v. Davis,* No. V H-17-940, 2018 WL 6019165, at *3 (S.D. Tex. Nov. 16, 2018) ("The logic behind limiting factual development through evidentiary hearings and funding, however, applies with equal force to discovery requests."); *Soffar v. Stephens,* No. H-12-3783, 2014 WL 12642575, at *2 (S.D. Tex. July 14, 2014) ("Presumably, good cause cannot exist for discovery that would result in evidence a court cannot consider."). "Put simply, unusable evidence cannot lead to relief." *Davis v. Bobby,* No. 2:10-cv-107, 2017 WL 2544083, at *3 (S.D. Ohio June 13, 2017).

Furthermore, a petitioner cannot show good cause for discovery if a federal court cannot reach the merits of his claims because they are procedurally defaulted. *See Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009); *Cole,* 2018 WL 6019165, at *4 (citing *Rucker*: "A petitioner cannot show good cause for discovery on a claim in a federal court if procedural impediments preclude considering the merits of that claim."); *Riley v. Dretke*, 362 F.3d 302, 207 (5th Cir. 2004) (habeas court cannot authorize factual development into claims that a petitioner does not present in a procedurally adequate manner).[2]

---

[2]     The Supreme Court abrogated *Riley* in *Ayestas v. Davis,* finding the Fifth Circuit's "substantial need" standard was overly burdensome for a request for funding under 18 U.S.C. § 3599. 138 S. Ct. 1080, 1093 (2018). The Court also found the Fifth Circuit "exacerbated the problem" by requiring a habeas petitioner seeking funding to "present 'a viable constitutional claim that is not procedurally barred.'" *Id.* (citing *Riley,* 362 F.3d at 307). After *Trevino v. Thaler,* 569 U.S. 413 (2013), the Court found this additional requirement too restrictive

Balderas seeks discovery on claims raised in his federal habeas petition that have been, at least partially, raised and rejected in state court, (Claim I, II, III); are completely unexhausted in state court (Claim IV); or were raised but procedurally barred by an adequate and independent state procedural ground (Claim VI). For the reasons discussed below, this Court should deny Balderas's requests for discovery.

Balderas argues *Pinholster* should not apply to bar discovery because he meets an exception under 28 U.S.C. § 2254(d) and § 2254(e)(2). ECF No. 16, at 10-11. Because Balderas seeks to avoid the prohibition to development of new evidence in federal court through an exception to AEDPA, this Court should find this request for discovery premature, and delay ruling until Balderas files his amended petition, if any, and the Director has had an opportunity to file an answer, fully briefing the claims and asserting any applicable bars. *See Cole,* 2018 WL 6019165, at *3 ("Until Cole files his amended petition, and the respondent answers, the court will not have sufficient information to decide … whether there is good cause for additional factual development of Cole's claims. The discovery that Cole seeks is premature at this stage."); *Soffar,* 2014 WL 12642575, at *2 (Because Respondent has not yet addressed Soffar's new arguments, parties have not yet finished briefing, and the question of whether

---

because Texas prisoners could overcome the procedural default of an ineffective-assistance-of-trial-counsel (IATC) claim by showing the ineffectiveness of state habeas counsel, and an investigation might enable a petitioner to meet that burden. *Id*. at 1093-94. Balderas does not, or cannot, allege ineffectiveness of state habeas counsel as cause to excuse any default, thus *Ayestas*'s concerns do not apply.

Soffar has met the AEDPA standards is not fully developed, good cause for discovery is not yet shown.)

## II.    Significant Evidentiary Development Has Already Occurred.

Balderas, represented by the Office of Capital and Forensic Writs (OCFW), filed a habeas application raising fourteen claims for relief and accompanied by seventy-four exhibits. *See* 1 SHCR 1-396; 2 SHCR 397-666; 3 SHCR 667-965. The trial court designated all fourteen issues for further review pursuant to Texas Code of Criminal Procedure article 11.071, § 9, and ordered affidavits from trial counsel addressing six claims, *see* 5 SHCR 1450-51, 1455-59, 1471-91 (affidavits).[3] The court also ordered an evidentiary hearing on two issues: (1) the knowing presentation of false testimony through Israel Diaz, and (2) trial counsel's failure to investigate potential alibi evidence; and permitted Balderas to present four witnesses. 7 SHCR 1948-49, 1953. In support of its answer to Balderas's state habeas petition, the State presented affidavits from prosecutor Traci Bennett, addressing the *Brady v. Maryland,* 373 U.S. 83 (1963) claim and the equal protection claim, and former prosecutor Spence Graham, addressing the *Brady* claim. Supp.SHCR 113-15, 117-18.

On April 19, 2018, Balderas filed a Motion to Compel Disclosure of Exculpatory and Impeachment Evidence, making twenty-three specific requests for production of records and communications relevant to the upcoming May 11, 2018 hearing. *See* 7 SHCR 1956-69. A status conference on

---

[3]    Trial counsel addressed state habeas claim 3 (Claim 1); state habeas claims 4, 6, 8, and 9 (Claims II and III); and state habeas claim 10 (Claim VI).

this motion was set for May 2, 2018, after the parties were unable to agree on evidentiary disclosures. 7 SHCR 2057-61, 2068-70; 2 SHRR 11.

At the status conference, the state court granted a number of the requested disclosures, *see generally* 2 SHRR, characterizing the State's obligation of disclosure as "ongoing," and admonishing the State to adhere to its statutory and ethical obligations, reminding the State "to continue to update and modify any relevant discovery that is found within a reasonable search of due diligence." 2 SHRR 30, 33-34, 60, 74. The court set no timeline for the court-ordered disclosures. 2 SHRR 95-96. The State acknowledged their ongoing duty of disclosure pursuant to Texas Code of Criminal Procedure article 39.14, indicating that *Brady* screenings of the record had occurred consistently since 2005, and assuring the trial court that they would continue to screen work product not previously disclosed pursuant to a 2015 Public Information Act (PIA) request. 2 SHRR 16-18. The State expressed frustration with the timing of the April 2018 motion, stating it was "an exorbitant amount of work" that could not be accomplished before the evidentiary hearing. 2 SHRR 18. The State agreed to focus on disclosing items relevant to the hearing, and to continue screening records after the hearing. 2 SHRR 19, 31-32, 95-96.

Just before the May 11th hearing, the State submitted, as requested, the capital murder summary, 16 CDs of Israel Diaz's jail call logs, the documents pertaining to communications between the prosecution and Diaz, the prosecutor's pretrial interview notes for Diaz, Diaz's jail records, Diaz's NCIC/TCIC, and evidence regarding the reduction of charges against Diaz in

another capital murder. 10 SHCR 2240-41, 2251-55. And, on August 20, 2018, the State filed another disclosure containing information that Alejandro Garcia told prosecutors, at two meetings in December 2013, that the victim's brother told Garcia that he thought another gang had killed Hernandez; and Garcia did not suspect Balderas had killed the victim, Balderas did not talk to Garcia about the killing, and Garcia thought another gang had killed him. *See* 10 SHCR 2960-61.

Balderas asserts that "[t]he State has continued to make new disclosures to the undersigned counsel" regarding Diaz's testimony and eyewitness identification. ECF No. 16 at 7; *see also* ECF No. 2 at 92-97.

## III. The Director Does Not Possess the Requested Documents and Cannot Fulfil Discovery Requests.

Balderas seeks discovery of documents not in the Director's possession. Thus, this request directed to the Director should be denied. Neither the Harris County District Attorney (HCDA), the Houston Police Department (HPD), nor defense counsel are parties to this suit against the Director of TDCJ and are thus independent entities from Respondent and his attorneys. *See Fierro v. Johnson*, 197 F.3d 147, 155–56 (5th Cir. 1999) ("The attorneys for the Texas Department of Corrections in a federal habeas case do not act as prosecutors of the crime investigated by law enforcement officers[] . . . [and] neither work with the police in a common enterprise, nor are they in the business of prosecuting crime.").

The Director does not have possession, care, custody, or control of the

files for the HCDA Office, HPD, or trial counsel. In other words, the Director does not have the ability to obtain the requested documents on demand. "[A] party cannot be required to permit inspection of documents or things that it does not have and does not control." 8B Charles Alan Wright et al., *Federal Practice and Procedure* § 2210 (3d ed. 2015). Accordingly, the requested discovery must be denied because they are directed at the wrong entity.

Should the Court find discovery warranted, the Court should interpret Balderas's discovery requests for documents from HCDA, HPD, or the trial attorneys as requests for third-party subpoenas under Rule 45 of the Federal Rules of Civil Procedure. That way, should those persons or entities believe that anything requested is privileged, protected, or is unduly burdensome to produce, they will be permitted to make such arguments—which the Director cannot do because he does not have possession, care, custody, or control of such files, nor does he hold the privileges that may apply—in the form of a protective order or motion to quash.

## IV.   Balderas Fails to Demonstrate Good Cause for Discovery on Claim I.

In Claim I of his federal habeas petition, Balderas alleges that the State failed to disclose exculpatory and impeachment evidence, in violation of *Brady,* by failing to disclose (1) impeachment evidence of State's witness Israel Diaz, (2) evidence that Balderas was only holding the murder weapon for his gang when arrested, (3) evidence that the police pressured or influenced witnesses to identify suspects in photo lineups, (4) exculpatory evidence of another gang's

involvement in the murder, (5) exculpatory evidence regarding "tagging" at the murder scene, and (6) impeachment regarding the termination of jail officer Christopher Pool who testified at punishment. ECF 2, at 86-113. Balderas requests the following discovery related to these claims: (1) any documents and communication regarding fingerprint testing of the murder weapon; (2) physical inspection of the murder weapon; (3) leave to subpoena HPD for documents and communications regarding any misconduct claims pertaining to Sgt. Norman Ruland and Sgt. Brian Harris related to witness identification of suspects through photographic displays; (4) leave to subpoena depositions of Sgt. Ruland and Sgt. Harris; (5) leave to subpoena prosecutors Bennett, Dozier, and McFadden for depositions regarding their alleged failure to disclose exculpatory and impeachment evidence; and (6) leave to subpoena Diaz for depositions regarding contradictions in his testimony and other evidence uncovered by subsequent *Brady* disclosures by the State. ECF No. 16, at 14.

It appears only the first allegation regarding Diaz is at least partially exhausted. *See* 1 SHCR 59-71. The remaining allegations are unexhausted and procedurally barred in this Court, and Balderas must present cause and prejudice, or a miscarriage of justice sufficient to overcome that procedural bar before this Court can reach the claims. *Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991). Without this showing, Balderas cannot show good cause for discovery. *See Rucker*, 563 F.3d at 771; *Cole,* 2018 WL 6019165, at *4.

Balderas argues he can demonstrate cause and prejudice, because the State withheld the evidence to support his claim. *See* ECF No. 2, at 121-25. For

procedurally defaulted *Brady* claims, "cause" does parallel the suppression component of *Brady*, while "prejudice" is demonstrated by materiality. *See Banks v. Dretke,* 540 U.S. 668, 691 (2004). However, the Director has not yet had the opportunity to address the merits of these unexhausted allegations, nor has Balderas proffered the new evidence cited to support them.[4] Until the claims are fully briefed and supported, the Court should defer ruling on this request for discovery. *See Cole,* 2018 WL 6019165, at *3.

Procedural bar aside, Balderas also fails to demonstrate good cause for discovery as his requests are nothing short of a fishing expedition. In support, Balderas recites the numerous evidentiary disclosures the State has already made,[5] arguing that these disclosures demonstrate "that the State engaged in a troubling pattern of withholding evidence in violation of *Brady*, and there is good cause for discovery to adequately address [his] claims." ECF 16, at 14; *see also* ECF No. 2, at 80-85, 91-96, 98-101. Balderas essentially argues the alleged "bad faith" of the State as grounds for granting broad discovery, but the record does not support this accusation. Nor does this accusation satisfy the legal requirements for discovery. *See Murphy*, 205 F.3d at 814 (requiring "good

---

[4]     The undersigned counsel does not have copies of the evidentiary disclosures made to federal habeas counsel by the HCDA Office.

[5]     It is unclear whether the 2020 federal disclosures are new or were part of the many prior disclosures and open file reviewed by OCFW during the state habeas proceeding. Indeed, Balderas admits that "[t]he State has represented that it disclosed the 2013 Bennett Garcia Notes to State Habeas counsel sometime during the State Writ Proceedings but it is unclear when this occurred." ECF No. 2, at 89 n.5. Until Balderas presents these disclosures as exhibits to his federal habeas petition, the Director does not concede the documents were previously undisclosed.

cause" where petition "establishes a prime facie claim for relief").

Rather, the numerous and ongoing disclosures of purported *Brady* material demonstrate a good faith effort to comply with the state habeas court's order and article 39.14. Indeed, the state habeas court admonished the State of their ongoing requirement to tender any *Brady* material that comes to their knowledge. 2 SHRR 30, 33-34, 60 74, 96. The continued disclosure of materials shows compliance with the "ongoing requirements" and does not suggest bad faith. There is no reason to believe additional evidence still exists, or that the open-ended discovery Balderas now requests is necessary to produce it.

Balderas cites the timing of the disclosures made days before the evidentiary hearing, implying it was done deliberately to prevent Balderas from using them at the hearing. ECF No. 16, at 13. However, these disclosures were made in response to the April 2018 motion, filed just weeks before the evidentiary hearing. 2 SHRR 16-18. The State expressed frustration with the timing of that motion and told the court the disclosures could not all be accomplished before the hearing. 2 SHRR 18, 31, 78-81 (discussing jail calls). Because of the upcoming hearing, the State focused its ongoing article 39.14 review on evidence related to Diaz but agreed to continue to screen the remainder of the previously withheld materials after the hearing. 2 SHRR 19-21, 31, 95-96; *see also* 2 SHRR 30, 33-34, 60, 74.

The record does not support Balderas's allegations that the State has acted in bad faith in the timing of any disclosure or that the State continues to hold back evidence. This baseless accusation does not justify the open-ended

discovery now requested. *See Murphy,* 205 F.3d at 814 (finding no prima facie *Brady* claim where conclusory allegation that prosecutor failed to disclose evidence of a deal with a witness was based purely on speculation, and the existence of an alleged deal was addressed at trial and thus not material).

Balderas also fails to demonstrate with any specificity how his discovery requests would benefit his claims. Balderas requests any documents and communication regarding fingerprint testing of the murder weapon, as well as physical inspection of the murder weapon. ECF No. 16, at 14, ##1, 2. Balderas fails to demonstrate that this evidence was not already examined or was not previously discoverable as far back as the time of trial. *See* 28 U.S.C. § 2254(e)(2). Regardless, he does not demonstrate good cause for this discovery. As Balderas points out, the evidence from trial demonstrates that he was arrested in possession of the murder of the weapon, 28 RR 40; but no evidence was presented that his fingerprints were found on that weapon, *see* 30 RR 29. The defense argued that Balderas had the gun because he held guns collectively for his gang, 30 RR 8, 29; and that another gang member brought the box containing the gun to Balderas the morning he was arrested, 28 RR 177-79, 214. *See* ECF No. 2, at 107-09. Balderas fails to demonstrate the requested discovery would lead to evidence more compelling than the *lack* of fingerprint evidence argued by the defense at trial. *See Murphy,* 205 F.3d at 813-14 (petitioner must make "specific allegations" that " 'show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.' ") (citing *Gibbs v. Johnson,* 154 F.3d

253, 258 (5th Cir. 1998)).

Regarding his request for leave to subpoena HPD for documents and communications regarding any misconduct claims pertaining to Sgt.'s Ruland and Harris and related to witness identification of suspects through photographic displays, and leave to subpoena related depositions, ECF No. 16, at 14, #3 and 4; once again, his open-ended request fails to specifically explain how this discovery will enable him to show he is entitled to relief. Indeed, he only speculates that such evidence even exists. *See Strickler v. Greene,* 527 U.S. 263, 286 (1999) ("Mere speculation that some exculpatory material may have been withheld is unlikely to establish good cause for a discovery request on collateral review."); *Hughes v. Johnson,* 191 F.3d 629-30 (5th Cir. 1999) (Speculation does not support a *Brady* claim where petitioner's allegations reflect "he has no idea whether there even was an internal investigation, much less whether such an investigation revealed exculpatory facts.")

Furthermore, Balderas has already requested and paid for 818 pages of documents from HPD pursuant to a PIA request. *See* ECF No. 2, at 95. That request included the personnel files of Sgt.'s Ruland and Harris. This motion is silent as to the disposition of that request, but presumably, when filled, it will contain the requested information, should it exist. HPD should be given the opportunity to comply, and this court should deny this fishing expedition.

Regarding Balderas's request for leave to subpoena prosecutors Bennett, Dozier, and McFadden for depositions regarding their alleged failure to disclose exculpatory and impeachment evidence, Balderas once again fails to

demonstrate good cause for this discovery. As noted, the State has made numerous disclosures throughout state and federal habeas proceedings, including handwritten notes of the prosecutors. *See* ECF No. 2, at 80-85, 91-96, 98-101. The existence of previously undisclosed evidence, regardless of the good or bad faith of the prosecution, is sufficient to establish the first prong of *Brady,* 373 U.S. at 87. It is now incumbent upon Balderas to demonstrate that the undisclosed evidence was both favorable and material. *Id.* Examination of the prosecutors about these disclosures has no bearing on these factors. Thus, Balderas fails to demonstrate good cause.

Finally, Balderas requests leave to subpoena Diaz for depositions regarding contradictions in his testimony and other evidence uncovered by subsequent disclosures of alleged *Brady* material. ECF No. 16, at 14. The state habeas court has already permitted Balderas to examine Diaz about an alleged recantation of his trial testimony; Diaz denied recanting. *See* 4 SHRR 126-217. Balderas fails to demonstrate good cause to question Diaz further. Should any State disclosure contradict Diaz's trial testimony, such can be demonstrated on the existing record.

## V.    Balderas Fails to Demonstrate Good Cause for Discovery of his Ineffective Assistance of Counsel Claims. (Claims II, III, and IV).

In Claim II of the federal habeas petition, Balderas alleges IATC at guilt innocence, ECF No. 2, at 125-91; while Claim III alleges IATC at punishment, *see* ECF No. 2, at 192-249. Both claims appear to be substantially exhausted. *See* 1 SHCR 72-158, 214-88, 295-325; *see also Slater v. Davis,* 717 F. App'x 432,

435 (5th Cir. 2018)("[E]ven if new evidence would be considered unexhausted, our task is to consider 'only the record that was before the state habeas court.'")(citing *Clark v. Thaler,* 673 F.3d 410, 417 (5th Cir. 2012)). In Claim IV, Balderas alleges ineffective assistance of appellate counsel for failure to present, on direct appeal, evidence in support of several IATC claims, evidence of a suggestive photo spread, and evidence in support of a *Brady* claim; as well as failure to present claims alleging jury charge error, alleging a violation of his right to a speedy trial, challenging the 10-12 Rule jury instruction, or alleging prosecutorial misconduct in closing argument. *See* ECF No. 2, at 249-65. Claim IV is entirely unexhausted.

Balderas seeks discovery, alleging that "specific allegations of [counsels'] repeated failures demonstrate that the requested discovery is likely to lead to relevant evidence in further support of his claims." ECF No. 16, at 18. He seeks to subpoena trial counsels Alvin Nunnery, Jerome Godinich, and Robert Scott; legal secretary Gloria Poa; and appellate counsel Scott Shearer, for all documents and communications in their possession, and depositions regarding their representation of Balderas; and for production of all State documents and communication regarding Balderas's mental health. ECF No. 16, at 18.

First, the state habeas court permitted evidentiary development of the IATC claims presented to that court by ordering affidavits from trial counsel responding to the allegations now raised in Claims II and III. *See* 5 SHCR 1455-59, 1471-91 (affidavits). Any additional evidentiary development in federal court would now be foreclosed from consideration by this Court under

*Pinholster,* absent a showing that he meets an exception to AEDPA.

While Balderas complains that he was not permitted to cross-examine trial counsel, he was not entitled to. Texas Code of Criminal Procedure article 11.071, § (9)(a) explicitly permits trial judges to resolve controverted, previously unresolved material facts by affidavits. The Fifth Circuit has "repeatedly found that a paper hearing [in state court] is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying the petitioner's claims." *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000).

Second, Balderas fails to demonstrate good cause for any additional discovery. He fails to specifically allege how subpoenaing trial or appellate counsel and "all documents and communications in their possession," could benefit his claims. And he utterly fails to demonstrate the existence of documents in the State's possession regarding Balderas's mental health or how these alleged documents could demonstrate entitlement to relief on his IATC claims. Once again, this request is tantamount to a fishing expedition.

Finally, Balderas cannot overcome the procedural default of the appellate counsel claims, thus he cannot demonstrate a prima facie claim for relief or good cause for discovery. To the extent he argues ineffective-assistance-of-state-habeas counsel as cause to excuse the default under *Martinez v. Ryan*, 566 U.S. 1 (2012), *see* ECF No. 2, at 250-52, 264-65, *Martinez* does not excuse the failure to raise ineffective assistance of appellate counsel claims. *See Davila v. Davis,* 137 S. Ct. 2058, 2063 (2017).

Balderas also argues that a miscarriage of justice would arise from the

Court's failure to consider these claims on appeal. ECF No. 2 at 264-65. The Director will address this allegation thoroughly when he answers Balderas's petition. However, generally, none of these claims would prove meritorious, even with additional evidentiary support through discovery.

Direct appeal counsel cannot be ineffective for failing to raise claims that require extra-record development. Direct appeal is generally reserved for record-based claims, and the trial record was likely insufficient to support claims of IATC, actual innocence, or *Brady* because such claims require record development. *Cf. Ex parte Torres,* 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) ("[D]irect appeal cannot be expected to provide an adequate record to evaluate the claim in question, and the claim might be substantiated through additional evidence gathering in a habeas corpus proceeding.") Indeed, any claim involving evidence discovered after trial was more-appropriately raised on state habeas. *Cf. Trevino,* 569 U.S. at 1921. Thus, direct appeal counsel cannot be ineffective for failing to raise claims needing outside-the-record evidence.

Regarding the record-based allegations, Balderas fails to overcome the procedural default of these claims or demonstrate good cause for discovery. Regarding the allegation of "jury instructions," Balderas fails to state what jury charge appellate counsel failed to challenge on appeal. *See* ECF No. 2, at 258. He thus fails to make out a prima facie claim for relief.

Regarding his "speedy trial" allegation, *id.* at 259-60, appellate counsel did raise a claim alleging a violation of Balderas's right to a speedy trial. *See Balderas v. State,* 517 S.W.3d 756, 767-73 (Tex. Crim. App. 2016). While

Balderas disagrees with how counsel raised the claim, the issue is preserved. And he fails to demonstrate his proposed claim was potentially more meritorious. *See Moreno v. Dretke,* 450 F.3d 158, 168 (5th Cir. 2006) (petitioner must show a reasonable probability that he would have won on appeal). Balderas cannot demonstrate a prima facie claim worthy of discovery.

Regarding appellate counsel's failure to raise a 10-12 Rule claim, *see* ECF No. 2, at 260, the courts have consistently rejected 10-12 Rule claims. *See Reed v. Stephens,* 739 F.3d 753, 779 (5th Cir. 2014); *Sprouse v. Stephens,* 748 F.3d 609, 623 (5th Cir. 2014). Counsel is not ineffective for failing to raise a meritless claim, *see Davila,* 137 S. Ct. at 2067 ("Declining to raise a claim on appeal, therefore, is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court."), thus Balderas cannot demonstrate a prima facie claim for relief or the need for discovery.

Finally, regarding appellate counsel's failure to allege prosecutorial misconduct in closing argument, *see* ECF No. 2, at 261-53, trial counsel did not object at trial thus the issue was not preserved for appeal. 30 RR 40-42, 52. Balderas does not present a prima facie claim for relief because appellate counsel is not ineffective for failing to raise an unpreserved, unreviewable claim. *See Ex parte Crispen,* 777 S.W.2d 103, 106 (Tex. Crim. App. 1989) (appellate courts will not consider error which could have been called to attention of trial court at time it was made); *Graves v. Cockrell,* 351 F.3d 143, 152 (5th Cir. 2003) (holding Texas contemporaneous objection rule constitutes adequate and independent state ground, sufficient to bar federal review).

## VI.	Balderas Fails to Demonstrate Good Cause for Discovery on Claim VI Because the Claim is Procedurally Barred.

In Claim VI, Balderas alleges that African Americans were excluded from his jury by mutual agreement of the parties, in violation of his rights under the Equal Protection Clause. ECF 16, at 18. Balderas seeks production of all State documents and communications related to the acceptance or exclusion of venire members or jurors; and leave to subpoena the prosecutors, and trial and appellate counsel for related depositions. ECF 16, at 19-20. Balderas does not demonstrate good cause for this discovery.

First, any additional discovery of this claim is barred by *Pinholster*. Balderas raised this claim on state habeas, and prosecutor Bennett and trial counsel Godinich and Nunnery addressed the issue in affidavits, which the state court found credible. *See* 10 SHCR 2913, #280-81. All three asserted that prospective jurors were excused based upon answers to juror questionnaires and not on race. 5 SHCR 1474, 1490-91; Supp.SHCR 114-15. Despite these explicit denials, Balderas insists there could be evidence of off-the-record collusion to exclude jurors. ECF No. 16, at 19. This speculation is insufficient to demonstrate a prima facia claim for relief, or good cause for discovery. *See Murphy,* 205 F.3d at 814. The Court should not permit this fishing expedition.

Second, this claim is procedurally barred from federal habeas review, thus Balderas cannot show good cause for discovery. *See Rucker*, 563 F.3d at 771. While Claim VI was indeed adjudicated on the merits by the state habeas court, *see* 10 SHCR 2913-14, 2931, that court also concluded that, because

Balderas agreed to the excusals, he was procedurally barred from asserting the instant ground for relief, 10 SHCR 2931, #48. And the CCA ultimately rejected Balderas's complaint because it was not raised on direct appeal. *Ex parte Balderas,* WR-84,066-01, 2019 WL 6885361, at *1 (Tex. Crim. App. Dec. 18, 2019). The state habeas court's application of the contemporaneous objection rule, and the CCA's refusal to consider the claim for Balderas's failure to properly raise it on direct appeal are both adequate and independent state grounds to bar federal habeas review, and Balderas' failure to develop the claim in state court precludes evidentiary development in this Court. *See Busby v. Dretke,* 359 F.3d 708, 719 (5th Cir. 2004); 28 U.S.C. § 2254(e)(2).

In his federal habeas petition Balderas argues a contemporaneous objection was not required, ECF No. 2, at 273-77,[6] but does not address the CCA's rejection for failure to raise the claim on direct appeal. Thus, he does not overcome the procedural bar, and fails to demonstrate a prima facie claim for relief or good cause to grant discovery.

## CONCLUSION

Because he cannot demonstrate a prima facie claim or good cause for discovery, the Director asks that this Court deny Balderas's request, without oral argument. In the alternative, the Court should delay ruling on this motion until briefing is complete.

---

[6]   The Director will address this claim in his answer to Balderas's petition. In short, Balderas's cited caselaw involving deliberate, on-the-record purposeful discrimination for a strategic purpose, *see United States v. Huey,* 76 F.3d 638, 639-40 (5th Cir. 1996), finds no comparison to the facts of his case.

Respectfully submitted,


KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

/s/ Tomee M. Heining
_____

*TOMEE M. HEINING
Assistant Attorney General
Texas Bar No. 24007052
Southern District Admission No. 25024
Office of the Attorney General
Criminal Appeals Division
P. O. Box 12548, Capitol Station
Austin, Texas    78711-2548

tomee.heining@oag.texas.gov
Telephone: (512) 936-1600
Telecopier: (512) 320-8132

ATTORNEYS FOR RESPONDENT

*Attorney in charge

# CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2021, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Southern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record: Ashley Allen Carr, Jeffrey E. Tsai, Jessica Wright, and Marc Silverman.

/s/ Tomee M. Heining

_____

TOMEE M. HEINING
Criminal Appeals Division