**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JUAN BALDERAS,<br><br>                              *Petitioner*,<br>   v.<br><br>BOBBY LUMPKIN,<br>   Director, Texas Department of Criminal Justice, Institutional Division,<br>                              *Respondent*. | Case No. 4:20-CV-04262<br><br>**DEATH PENALTY CASE** |

**PROPOSED THIRD AMENDED SCHEDULING ORDER**

COMES NOW, Ashley Allen Carr, attorney for Petitioner Juan Balderas, and Assistant Attorney General Ali M. Nasser, attorney for Respondent Bobby Lumpkin, and submit this joint proposed second amended scheduling order:

Juan Balderas, an inmate on Texas' death row, filed a federal petition for a writ of habeas corpus on December 15, 2020. (Docket Entry No. 2). The Court entered a revised scheduling order on July 6, 2021 (Docket Entry No. 27, the "Revised Scheduling Order"). The Revised Scheduling Order provided that Mr. Balderas shall file an Amended Petition for Writ of Habeas Corpus by October 18, 2021, unless "counsel believes it has been impeded by the COVID19 pandemic and is unable to comply with the filing deadline." (Revised Scheduling Order ¶ 2).

In accordance with Revised Scheduling Order Paragraph 2, on September 17, 2021, counsel for Mr. Balderas informed Respondent that the COVID19 pandemic and related governmental restrictions had impeded the ability of counsel and its expert to conduct a full mental

health screening of Mr. Balderas. Due to the ongoing restrictions and difficulties with scheduling a visit at the prison, counsel's expert was unable to complete the full mental health screening, which counsel and its experts have still been unable to complete. Accordingly, counsel for Mr. Balderas informed Respondent that it required additional time to complete the screening and amend the habeas petition to incorporate the results thereof. Counsel requested, and Respondent agreed to, a 90-day extension. The Respondent does not agree to any further extensions at this time.

Accordingly, the parties propose the following second revised scheduling order:

1. Mr. Balderas filed his initial Petition for Writ of Habeas Corpus on December 15, 2020.

2. Mr. Balderas shall file an Amended Petition for Writ of Habeas Corpus on January 17, 2022, unless counsel is impeded by exigent circumstances. In the event that counsel believes it is impeded by exigent circumstances and is unable to comply with the filing deadline, it will inform Respondent's counsel before December 17, 2021, and the parties shall promptly confer regarding a proposed revised scheduling order. If the parties agree on a proposed revised schedule, they shall submit a proposed revised scheduling order by January 3, 2022. In the event the parties cannot agree, Petitioner may file an appropriate motion for an extension by January 3, 2022. At this time, the State objects to and will not consider any further requests by Petitioner for an extension of time to file his amended petition based on delays arising from the COVID-19 pandemic, whether through a motion or an amendment of the scheduling order. In the event that counsel for Petitioner believes that exigent circumstances due to the COVID-19 pandemic warrant an extension of time, it will file an appropriate motion for an extension by January 3, 2022.

3. The amendment discussed in this Paragraph 2 constitutes the one amendment, "as a matter of course," under Federal Rule of Civil Procedure 15(a). By agreeing to this amendment, Respondent does not waive any procedural arguments or defenses that may arise in connection with claims raised in the amendment, or the amendment itself.

4. Respondent will submit a copy of the state court record prior to or at the time Respondent's Answer is filed.

5. Respondent will file an Answer to the Amended Petition within 90 days of the filing of the Amended Petition.

6. Mr. Balderas will file a Reply to Respondent's Answer within 60 days of the filing of the Answer.

7. Mr. Balderas's Petition for Writ of Habeas Corpus contains claims that were not exhausted in state court. Balderas reserves the right to file a motion, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), to stay and abey these proceedings to exhaust any unexhausted claims in state court. Mr. Balderas will file any motion pursuant to *Rhines* at the same time as his Amended Petition, if not sooner.

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**

*/s/ Ali M. Nasser*
Ali M. Nasser
Assistant Attorney General
Criminal Appeals Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-2134
ali.nasser@oag.texas.gov

*Attorney for Respondent*

So Ordered:

Hon. Alfred H. Bennett

**DLA PIPER LLP (US)**

*/s/ Ashley Allen Carr*
Ashley Allen Carr
Jeffrey E. Tsai, *pro hac vice*
Marc A. Silverman, *pro hac vice*
Jonathan Berke, *pro hac vice*
Jessica Park Wright, *pro hac vice*
303 Colorado St Suite 3000
Austin, Texas 78701
Telephone: (512) 457-7251
ashley.carr@us.dlapiper.com

*Attorneys for Petitioner*