**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JUAN BALDERAS,** *Petitioner,* | § | |
| **v.** | § | **ACTION NO.: 4:20-CV-4262** |
| | § | **JUDGE ALFRED H. BENNETT** |
| **BOBBY LUMPKIN,** | § | |
| **Director, Texas Department of Criminal Justice, Institutional Division,** | § | **DEATH PENALTY CASE** |
| *Respondent.* | § | |

**PETITIONER'S MOTION FOR AN EXTENSION OF TIME**
**TO FILE AN AMENDED HABEAS CORPUS PETITION**

Petitioner Juan Balderas, by and through undersigned counsel, requests a 90-day extension of time to file his amended habeas corpus petition for the reasons stated below. Respondent opposes this request. Pursuant to the Revised Scheduling Order dated October 15, 2021 (the "Revised Scheduling Order"), Petitioner's amended petition is presently due on January 17, 2021. (ECF No. 32).

## I. RELEVANT BACKGROUND

Juan Balderas, an inmate on Texas' death row, filed a federal petition for a writ of habeas corpus on December 15, 2020. (ECF No. 2). The Court entered the first revised scheduling order on July 6, 2021, providing that that Mr. Balderas shall file an Amended Petition for Writ of Habeas Corpus by October 18, 2021. (ECF No. 27, at ¶ 2). The Court subsequently entered the Revised Scheduling Order on October 15, 2021, providing that Mr. Balderas shall file an Amended Petition for Writ of Habeas Corpus by January 17, 2022. (ECF No. 32).

The Revised Scheduling Order states that "[i]n the event that counsel believes it is impeded by exigent circumstances and is unable to comply with the filing deadline, it will inform Respondent's counsel before December 17, 2021, and the parties shall promptly confer regarding a proposed revised scheduling order. In the event the parties cannot agree, Balderas may file an appropriate motion for an extension by January 3, 2022." (ECF No. 32, at ¶ 2.)

In accordance with Revised Scheduling Order Paragraph 2, on December 17, 2021, counsel for Mr. Balderas informed Respondent that they have been impeded by exigent circumstances and requested its agreement to a 90-day extension of time for Mr. Balderas to file an Amended Petition for Writ of Habeas Corpus. Respondent responded that it is opposed to this extension. On December 30, 2021, counsel contacted Respondent again about an extension of time with additional information. Respondent again stated that it was opposed to an extension of time. (*See* Declaration of Marc A. Silverman ("Silverman Decl."), Ex. 1).

## II. ARGUMENT

Under Paragraph 2 of the Revised Scheduling Order, the Court may grant an extension of time if counsel is "impeded by exigent circumstances." (ECF No. 32, at ¶ 2.) As explained below, counsel has been so impeded despite its reasonable diligence in attempting to conduct psychological evaluations of Mr. Balderas to incorporate into the amended petition.

First, at the time counsel for Mr. Balderas reached out to Respondent regarding the current scheduling order in September 2021, counsel informed Respondent that Mr. Balderas' mental health experts were attempting to conduct necessary follow-up evaluations of Mr. Balderas. (Silverman Decl., at ¶ 3, Ex. 1.)

- On August 19, 2021, Mr. Balderas' expert Dr. Bhushan S. Agharkar provided conclusions from his evaluation of Mr. Balderas that identified potential

neurological impairment that included parietal lobe brain damage and dysfunction. Dr. Agharkar therefore recommended a full neuropsychological battery be performed to identify the presence and extent of any organic brain damage. (*Id.*, at ¶ 4.)

- On August 25, 2021, counsel retained Dr. Robert H. Ouaou to conduct an in-person neuropsychological test. Due to the ongoing COVID-19 pandemic and scheduling issues at the Polunsky Unit at Texas Department of Criminal Justice ("Polunsky") where Mr. Balderas is housed, Dr. Ouaou was not able to conduct an in-person neurological evaluation until October 15, 2021. Dr. Ouaou then provided his assessment on November 18, 2021, and Dr. Agharkar incorporated that assessment to his on November 27, 2021. (*Id.*, at ¶ 5.) On November 30, 2021, counsel attempted to schedule a phone call with Mr. Balderas through Randi Chavez of Texas Defenders, who the undersigned counsel hired as a mitigation expert with extensive experience in death penalty cases to assist counsel in meeting with Mr. Balderas, report on her impressions, and work with our mental health experts. (ECF No. 2, at ¶ 50); Silverman Decl., at ¶ 6.) Due to scheduling issues at Polunsky, which we understand were caused by an unprecedented influx of attorney calls as a result of the ongoing COVID-19 pandemic, and Ms. Chavez falling ill, counsel was unable to schedule a call with Mr. Balderas until December 17, 2021. (*Id.*, at ¶ 7.)

As a result of our December 17, 2021 discussion with Mr. Balderas and the recent conclusions provided by Mr. Balderas's experts, and to determine whether further testing is necessary concerning his current and historical mental state as it relates to constitutional issues to

be raised in the contemplated amended petition, we require more time to fully consult with Mr. Balderas and his experts on the complex factual and legal aspects of this case and discuss the revisions to his habeas corpus petition. We believe 90 days will be necessary to fully complete our evaluation and prepare an amended petition. (*Id.* ¶ 8.)

Second, granting this request will not prejudice Respondent. And in the context of this high-stakes death penalty case, denial of this request for an extension of time would only prejudice Mr. Balderas. As will be detailed in the Amended Petition, material constitutional issues have been identified as a result of our expert evaluations of Mr. Balderas that will be raised in Mr. Balderas's Amended Petition, such as Mr. Balderas's mental state at the time of trial, which raises issues of competency to stand trial and ineffective assistance of counsel related to trial counsel's failure to adequately investigate Mr. Balderas's mental state at the time of trial. As a result of these recent expert conclusions, further time is necessary to consult with Mr. Balderas and his experts concerning these issues and potentially conduct further testing.

Accordingly, counsel for Mr. Balderas respectfully requests an additional 90 days to file an amended petition and submits a proposed revised scheduling order with this application.

Dated: January 3, 2022

Respectfully submitted,

DLA PIPER LLP (US)

By: */s/ Ashley Allen Carr*

Jeffrey E. Tsai**
555 Mission Street, 24th Floor
San Francisco, California 94105
(415) 836-2500
jeff.tsai@dlapiper.com

Marc A. Silverman**
Jessica Park Wright**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020

Ashley Allen Carr (Tex. Bar No. 24082619)*
401 Congress Avenue, Suite 2500
Austin, Texas 78701
(512) 457-7251
ashley.carr@dlapiper.com

(212) 335-4800
marc.silverman@dlapiper.com
jessica.wright@dlapiper.com

*Pro Bono Attorneys for Petitioner Juan Balderas*

* *Attorney-in-charge as required by Local Rule 11.3*
** *Admitted Pro Hac Vice*

**CERTIFICATE OF CONFERENCE**

I certify that on December 17, 2021, I emailed Respondent's counsel, Ali Nasser, about this request for an extension of time to file an amended habeas corpus petition and he stated that the State was opposed. On December 30, 2021, I contacted Mr. Nasser again about an extension of time with additional information. Mr. Nasser again stated the State was opposed.

*/s/ Marc A. Silverman*____________
Marc A. Silverman**
With permission by Ashley Allen Carr (Tex. Bar. No. 24082619), Attorney in Charge, LR 11.3

*** Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I certify that on January 3, 2022, a true copy of the foregoing Motion for an Extension of Time to File an Amended Habeas Corpus Petition was served via the ECF/CM system and emailed to the following recipients:

Ali Nasser
Office of the Attorney General
300 W. 15th Street
Austin, Texas 78701
ali.nasser@oag.texas.gov

*/s/ Ashley Allen Carr*
Ashley Allen Carr (Tex. Bar No. 24082619)