United States District Court
Southern District of Texas

**ENTERED**

July 14, 2025

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

JUAN BALDERAS,                      §
                                    §
        Balderas,                   §
VS.                                 §    CIVIL ACTION NO. 4:20-CV-4262
                                    §
ERIC GUERRERO,                      §
                                    §
        Respondent.                 §

### <u>ORDER</u>

Juan Balderas, a Texas inmate facing a death sentence, seeks federal habeas relief. After unsuccessfully availing himself of state appellate and post-conviction remedies, Balderas filed a federal petition for a writ of habeas corpus in 2020. (Docket Entry No. 2). Balderas later submitted an amended petition including several claims that he had not raised in state court. (Docket Entry No. 38). Federal law "encourage[s] litigants to pursue claims in state court prior to seeking federal collateral review." *Duncan v. Walker*, 533 U.S. 167, 181 (2001) (citing 28 U.S.C. §§ 2254(b), 2254(e)(2), 2264(a)); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("In a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."). Balderas moved to stay these proceedings so that he could exhaust state court remedies. (Docket Entry No. 39). Balderas specifically requested permission to raise five claims in state court (claims one, four, five, seven, and eleven). (Docket Entry No. 39 at 2-3).

The Court granted Balderas' motion to stay, but did not limit what issues he could raise in state court. In fact, the Court specifically ordered as follows: "Balderas' successive [state] application *will set forth all unexhausted claims that he wishes to litigate when he returns to federal court*, including all factual theories and legal arguments supporting the same." (Docket Entry No. 57 at 2) (emphasis added). But Balderas' successive state habeas application did not include

numerous unexhausted claims from his federal litigation (specifically claims six, thirteen, parts of fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, and twenty-two).  (Docket Entry No. 84 at 1).[1]  Balderas does not dispute that he failed to exhaust those issues.  Balderas, nonetheless, still seeks federal review of their merits.

"Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 436 (2000).  The Court provided an opportunity for Balderas to exhaust his claims.  The Court specifically warned Balderas to exhaust all matters he wished to litigate in federal court.  Balderas must explain why failing to comply with the court order has not forfeited consideration of any unexhausted claims.[2]

Balderas recognizes that his litigation decisions have created procedural barriers to review but seeks to overcome any procedural bar through the cause-and-prejudice and miscarriage-of-justice tests.  Any exception to the procedural-bar doctrine, however, depends on the operation of equity.  *See Dretke v. Haley*, 541 U.S. 386, 393 (2004) ("[W]e have recognized an equitable exception to the bar when a habeas applicant can demonstrate cause and prejudice for the procedural default."); *Wainwright v. Sykes*, 433 U.S. 72, 96 n.4 (1977) (noting that the procedural bar doctrine is "a matter of equitable discretion rather than a question of statutory authority").  Federal review only becomes available if Balderas shows "some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

---

[1]      Balderas likewise did not exhaust any argument that appellate counsel's representation should forgive a procedural bar.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  Balderas' choice not to exhaust his ineffective-assistance-of-appellate-counsel claim prevents its use to overcome the procedural bar of any other claim.

[2]      For example, Balderas' amended petition raised an actual-innocence claim.  (Docket Entry No. 38 at 326).  Texas law considers innocence both as a substantive ground for relief, *see Ex parte Elizondo*, 947 S.W.2d 202, 208 (Tex. Crim. App. 1996), and as a procedural mechanism to allow successive state review, *see* Tex. Code Crim. Pro. art. 11.071 § 5(a)(3).  It is unclear why Balderas chose not to give the state courts the first opportunity to consider any allegations of innocence.

Balderas has not indicated anything that prevented him from following the Court's order to exhaust his claims. Balderas must explain why his choice to bypass the state courts should not weigh heavily against any exception to the procedural bar. *See Banks v. Allison*, 2025 WL 1701221, at *9 (9th Cir. June 19, 2025) (considering equity in the stay context and stating that the inmate "knew that some of his claims were unexhausted, but he nevertheless did not act to cure that deficiency. That weighs against good cause . . . .").

Balderas must provide briefing on the issues identified above within **twenty-one (21)** days from the entry of this Order. Respondent may provide any response, if necessary, within **twenty-one (21)** days thereafter.

The Clerk will provide copies of this Order to the parties.

SIGNED on _____ **JUL 1 4 2025** _____ at Houston, Texas.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE