IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUAN BALDERAS, § | |
|     *Petitioner*, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-04262 |
| § | (Death Penalty Case) |
| ERIC GUERRERO, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     *Respondent*. § | |

**RESPONDENT'S OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE ADDITIONAL SUPPLEMENTAL BRIEFING**

This case is a federal habeas proceeding filed pursuant to 28 U.S.C. § 2254 by Texas death row inmate Juan Balderas. On December 19, 2025, six years into this litigation, this Court permitted Balderas to substitute new counsel and file supplemental briefing within sixty days. ECF No. 122 at 4–5. But, to avoid delay, he was explicitly instructed not to add new claims. *Id*. Now he seeks 120 more days so he can add new claims. ECF No. 129. For obvious reasons, the Director opposes.

## BACKGROUND

Briefing on Balderas's amended petition was completed in November 2024 when Balderas filed his reply to the Director's answer. ECF No. 94. The Director's answer asserted that, following this Court's stay of the proceedings to allow Balderas to return to state court, several of Balderas's claims were

unexhausted. *E.g.,* ECF No. 86 at 193, 269 n.42. In July 2025, this Court ordered Balderas to explain why he did not exhaust certain claims when he returned to state court in 2023 to file a subsequent state-habeas application. ECF No. 107. Balderas then sought to terminate pro bono counsel (DLA Piper). ECF No. 116. In particular, Balderas raised allegations of abandonment and conflict of interest over the exhaustion issue. *Id.*

On October 15, 2025, attorney Gregory Gardner filed a motion to substitute, seeking to replace DLA Piper as counsel for Balderas. ECF No. 118. Mr. Gardner claimed that Balderas's attorney-client relationship with DLA Piper was a "contract of adhesion" by which Balderas unfairly had no input on litigation decisions. ECF No. 121 at 2. As early as November 6, 2025, Mr. Gardner represented that he "intimately know[s] the facts of this case and relevant law" and that he had already identified two attorneys to work alongside him. *Id.* at 2, 8. This Court granted Balderas's and Mr. Gardner's requests and gave Balderas sixty days to file supplemental briefing through new counsel. ECF No. 122 at 4–5.

This Court, however, made clear this new round of briefing would be limited. The Court noted that the Director's "concerns about delay in this case are well-taken" given that it was permitting Balderas to substitute counsel "late in the habeas process" and after the "parties have extensively briefed the matters raised by Balderas'[s] petition." ECF No. 122 at 4. Therefore, this

Court instructed Balderas that, upon filing supplemental briefing, he "will not insert any new habeas claims at this juncture" and that his supplemental briefing should only address "matters already raised in this litigation." *Id*. at 4–5. This was consistent with the reason for substitution of counsel: a dispute arising out of a failure to exhaust specific claims raised in Balderas's petition. ECF No. 116 (Balderas's assertion that "[a]bandonment occurred when pro-bono counsel failed to exhaust unexhausted claims.").

On February 24, 2026, Balderas filed a motion for summary judgment, making a single procedural argument: that his *Brady* claims were not procedurally defaulted based on the state-court's dismissal of his state application. *See generally* ECF No. 128. The Director construes that motion for summary judgment as the supplemental brief this Court ordered Balderas to file, ECF No. 127 (ordering Balderas to file his supplemental brief by February 24, 2026), and the Director intends to respond to this motion by the thirty-day deadline this Court imposed: March 26, 2026. *See* ECF No. 122 at 5 (permitting a response to any supplemental briefing within thirty days).

But, in complete defiance of this Court's order, Balderas also filed a motion for an extension of 120 days, seeking to investigate and raise new claims. ECF No. 129. The Director opposes.

3

## ARGUMENT

Balderas's request is abusive. He was permitted substitute counsel based on a falling out with counsel (DLA Piper) that arose from DLA Piper failing to exhaust certain claims. ECF No. 122 at 1–2; *see* ECF No. 116 at 1. With that limited scope in mind, this Court permitted new counsel to submit supplemental briefing. ECF No. 122 at 4–5. In keeping with this narrow reason for substitution, this Court made explicit that future briefing would be confined to the matters already raised in Balderas's petition. *Id*. It was not an invitation to investigate and replead Balderas's petition anew. *Id*. Balderas's request to take up to six months to investigate new claims to present to this Court can easily be rejected on the text of this Court's prior order. *Id*.

Balderas's request is also an egregious bait and switch. This ordeal arose over DLA Piper's failure to exhaust specific claims. *See* ECF No. 116 at 1. Mr. Gardner came aboard, pushing this "conflict" argument and assuring this Court that he was "intimately" familiar with the facts of the case. ECF No. 121 at 2. Upon these representations, this Court permitted substitution of counsel and supplemental briefing *only* on claims already raised in the petition. ECF No. 122 at 4–5.

And yet, despite this backdrop, Balderas's new counsel now stresses that counsel needs an additional four months to investigate new claims, stressing "the enormous file" and "the enormous number of documents and twenty years

4

of litigation." ECF No. 129 at 2. Even worse, despite Mr. Gardner's November 2025 assurance that he was "intimately" familiar with Balderas's case, Balderas's February 2026 supplemental briefing doesn't address any substantive issue at all. *See generally* ECF No. 128. After sixty-seven days, all Balderas has filed is a "partial motion for summary judgment" that addressed a single procedural issue. *Id*. This filing (1) has not addressed the substance of *any claims* raised in the original petition and (2) has not even addressed the exhaustion issue that led to the termination of DLA Piper. *Id*. It is now clear this was never about Balderas's frustration with DLA Piper over the exhaustion issue. Balderas just wants to relitigate his federal case anew with substitute counsel notwithstanding the delay that attends such relitigation.[1]

This type of delay is also *precisely* what the Director envisioned when he opposed Balderas's request for new counsel: "At this juncture removing all of Balderas's current counsel and allowing him to proceed represented by only Mr. Gardner would result in needless delay." ECF No. 119 at 8. Mr. Gardner's assurance that he was familiar with Balderas's case was a self-serving underestimation of the time and effort both the Director's counsel and DLA Piper put into litigating this case over several years. Sure enough, Balderas's

---

[1] Six months to investigate and raise new claims is half the time Congress gave federal petitioners to raise claims in a federal petition. 28 U.S.C. § 2244(d). Balderas's request looks more like the beginning of federal proceedings, not the end of them.

5

new counsel now claim they need six months to investigate new claims because of the "enormity" of the file. ECF No. 129 at 2. Of course, as the Director previously argued, that is the *whole problem* with inserting oneself as counsel seven years into a voluminous, already-briefed capital case: "Regardless of intent, delay will certainly be the result". ECF No. 118 at 8.

Balderas's claims have already been substantially briefed, and the "case [is] all over by the deciding[.]" *Martel v. Clair*, 565 U.S. 648, 665 (2012). In fact, so late in these proceedings, Balderas can only add new claims through leave of Court, "when the interests of justice so require." Fed. R. Civ. P. 15(a)(2). The interests of justice don't require such an abusive amendment here. *See Clair*, 565 U.S. at 662 ("Protecting against abusive delay *is* an interest of justice."). Fortunately, this Court's order has already held as much, placing a strict deadline for supplemental briefing and restricting the supplemental briefing to claims already before the Court. ECF No. 122. In compliance with the order the Director intends to respond to Balderas's supplemental brief, ECF No. 128, by March 26, 2026. The Director only asks that this Court enforce what it has already stated: Balderas does not get to use his late-in-the-game substitution of counsel as a pretext to relitigate his federal petition. This Court should deny his brazen request for more time to do exactly what he was instructed not to do.

## CONCLUSION

For these reasons the Director asks that this Court deny Balderas's request for an extension of time to submit further pleadings in support of his petition.

                              Respectfully submitted,

                              KEN PAXTON
                              Attorney General of Texas

                              BRENT WEBSTER
                              First Assistant Attorney General

                              JOSH RENO
                              Deputy Attorney General
                              For Criminal Justice

                              TOMEE M. HEINING
                              Chief, Criminal Appeals Division

                              /s/ Ali M. Nasser
                              ALI M. NASSER
                              Assistant Attorney General
                              *Counsel of Record*
                              State Bar No. 24098169
                              Southern District Admission No. 2936065

                              Post Office Box 12548, Capitol Station
                              Austin, Texas 78711
                              Tel: (512) 936-2134
                              Ali.Nasser@oag.texas.gov

                              *Counsel for Respondent*

## CERTIFICATE OF SERVICE

I do hereby certify that on March 11, 2026 I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means:

Gregory Wayne Gardner
Law Office of Gregory W Gardner, LLC
PMB 166
2707 Arapahoe Avenue
Boulder, CO 80302
gardnerlegal@gmail.com

Eric Jonathan Allen
The Law Office of Eric J Allen Ltd, Suite 200
Columbus, OH 43219
eric@eallenlaw.com

Lewis Jay Greenwald
Attorney at Law
304 E. 90th St., Suite 3C
New York, NY 10128
Lgreenwald22@gmail.com

                                                s/ Ali M. Nasser
                                                ALI M. NASSER
                                                Assistant Attorney General